**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4020**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DERRICK SMITH,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, Chief District Judge.  (1:14-cr-00170-CCB-1)

_____

Submitted:  September 16, 2015          Decided:  September 23, 2015

_____

Before GREGORY and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Michael Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant.  Joshua Thomas Ferrentino, Assistant United States Attorney, James G. Warwick, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Smith seeks to appeal his conviction and sentence after pleading guilty. Smith's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issues of whether his guilty plea was valid and whether his sentence was reasonable, but concluding there are no meritorious grounds for appeal. The Government has moved to dismiss the appeal as barred by Smith's waiver of the right to appeal included in the plea agreement. Smith was notified of his right to file a pro se supplemental brief but has not done so.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (citation and internal quotation marks omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). We review the validity of an appeal waiver de novo "and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Id. at 354-55 (citing Blick, 408 F.3d at 168).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Smith knowingly and voluntarily waived his right to appeal his conviction and

2

sentence.  Moreover, in accordance with <u>Anders</u>, we have reviewed the record for any potentially meritorious issues that might fall outside the scope of the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal.  This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>